UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
            :
**ROMAN K. BRIK**,
            :
            Plaintiff,
            :   **MEMORANDUM AND ORDER**

     – against –
            :   21-CV-5353 (AMD) (LB)

            :
**PETER F. DELIZZO**,
            :
            Defendant.
            :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff commenced this action on September 27, 2021, asserting claims pursuant to 42 U.S.C. § 1983 against the Honorable Peter F. DeLizzo, a New York state judge. (ECF No. 1.) For the reasons that follow, I dismiss the action.

## BACKGROUND

      The plaintiff is currently litigating a child custody case before the Honorable Peter F. DeLizzo in the Family Court of the State of New York, Richmond County. *See Brik v. Stroutsovsky*, Nos. V-1268-20/20A & V-1269-20/20A. On September 17, 2021, the plaintiff filed a demand for a jury trial (ECF No. 1 at 6), which Judge DeLizzo summarily denied on September 21, 2021 (*id.* at 13). The plaintiff claims that Judge DeLizzo's denial "violated [his] and [his] children['s] G-d given, unalienable, fundamental constitutional rights."[1] (*Id.* at 2.) He seeks a declaratory judgment "reaffirming" his and his children's right to a jury trial in the custody case, and their "rights to Due Process and Equal Protection Under Law." (*Id.* at 3.)

---

[1] The plaintiff alleges that the denial of his request for a jury trial was "a culmination of a long train of anti-constitutional abuses inflicted on [him] and [his] children by the Richmond County Family Court, which were consistently and deliberately ignored and endorsed" by Judge DeLizzo. (ECF No. 1 at 2.) However, he does not describe any specific examples of the alleged misconduct in his complaint.

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, if a *pro se* action is frivolous, a district court may dismiss the action on its own, even if the plaintiff has paid the requisite filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). A complaint is frivolous when "'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)). "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation, quotation marks and alterations omitted).

## DISCUSSION

The claims in this case against Judge DeLizzo must be dismissed as frivolous because it is "clear that the defendant[ ] [is] immune from suit." *Montero*, 171 F.3d at 760. Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 11, 13 (quotation marks and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions, or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11-12. Moreover, the Federal Courts Improvement Act of 1996 extends judicial immunity to most actions seeking prospective injunctive relief, and provides that "in any action brought against a judicial officer for an act or

omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *see Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004).

      The plaintiff's claim against Judge DeLizzo clearly arises out of a judicial act in the child custody proceeding before him. Further, the plaintiff fails to allege that a declaratory decree was violated or that declaratory relief was unavailable. Accordingly, I dismiss his claim as frivolous.

## CONCLUSION

For the reasons stated above, the plaintiff's complaint is dismissed without prejudice. Out of an abundance of caution, the Court grants the plaintiff leave to file an amended complaint within 30 days. However, the plaintiff must not bring claims against Judge DeLizzo, who has absolute immunity. If the plaintiff decides to file an amended complaint, it should be captioned "Amended Complaint" and bear the same docket number as this order, 21-CV-5353 (AMD) (LB). The plaintiff is advised that an amended complaint completely replaces his previous complaint, so he must include in the amended complaint all the necessary information to support his claims.

If the plaintiff does not file an amended complaint within 30 days, judgment dismissing this action will enter. Though the plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                            s/Ann M. Donnelly
                                                                                                           ANN M. DONNELLY
                                                                                                           United States District Judge

Dated: Brooklyn, New York
           October 6, 2021