UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**ROMAN K. BRIK**,                                           :
                                                             :
                          Plaintiff,                         :
                                                             :   **MEMORANDUM AND ORDER**
              – against –                                    :
                                                             :   21-CV-5353 (AMD) (LB)
                                                             :
**RICHMOND COUNTY FAMILY COURT**,                            :
                                                             :
                          Defendant.                         :
                                                             :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff commenced this action on September 27, 2021, asserting claims pursuant to 42 U.S.C. § 1983 against the Honorable Peter F. DeLizzo, a New York state judge.[1] (ECF No. 1.) On October 6, 2021, I dismissed the plaintiff's complaint without prejudice, and granted him leave to file an amended complaint. (ECF No. 5.) On November 15, 2021, the plaintiff filed an amended complaint against the Family Court of the State of New York, Richmond County ("Richmond County Family Court"), seeking a declaration affirming his constitutional right to a jury trial in his child custody case. For the reasons that follow, I dismiss the action.

## BACKGROUND

The plaintiff is currently litigating a child custody case before the Honorable Peter F. DeLizzo in the Richmond County Family Court. *See Brik v. Stroutsovsky*, Nos. V-1268-20/20A & V-1269-20/20A. The plaintiff filed a demand for a jury trial, which Judge DeLizzo summarily denied on September 21, 2021. (ECF No. 7 at 10.) The plaintiff claims that the Richmond

---

[1] The plaintiff paid the statutory filing fee to commence this action. (ECF No. 2.)

County Family Court deprived him of his "unalienable, fundamental right to a trial by an impartial jury of [his] peers, enshrined in and protected by the Seventh and Sixth Amendments to the Constitution of the United States." (*Id.* at 1.) He seeks a declaratory judgment "reaffirming" his and his children's right to a jury trial in the custody case, and their "rights to Due Process and Equal Protection Under Law." (*Id*. at 8.)[2]

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, if a *pro se* action is frivolous, a district court may dismiss the action on its own, even if the plaintiff has paid the requisite filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). A complaint is frivolous when "'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)).

## DISCUSSION

The plaintiff's claims against the Richmond County Family Court must be dismissed because the court is a state entity and immune from suit. The Eleventh Amendment to the United States Constitution "bar[s] federal suits against state governments by a state's own citizens." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir.

---

[2] The plaintiff faults the Court's directive instructing him not to bring claims against Judge DeLizzo, who has absolute immunity; he notes that he is seeking declaratory relief. (ECF No. 7 at 2-5.) However, the plaintiff seeks a declaration that Judge DeLizzo's past decision violated his constitutional rights, which is retrospective in nature and barred by judicial immunity. *See Treistman v. McGinty*, 804 F. App'x 98, 99 (2d Cir. 2020) ("[J]udicial immunity bars any claim for retrospective declaratory relief."); *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009) ("[T]to the extent Plaintiffs' declaratory claims are retrospective in nature in that they seek a declaration that the Justices' past enforcement of the Town's rental law has violated the Constitution, they are barred by the doctrine of absolute immunity.").

2006).  This bar precludes suits for money damages and injunctive relief, *see McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001), as well as retrospective declaratory relief, *see Treistman*, 804 F. App'x at 99; *see also Szymonik v. Connecticut*, 807 F. App'x 97, 101 (2d Cir. 2020) ("The Eleventh Amendment bars federal courts from issuing retrospective declaratory relief against state officials for past violations of federal law.").  Moreover, sovereign immunity extends "beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d at 236 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Richmond County Family Court is an arm of the state and thus immune from suit. *Amaker v. The State of New York Cty. of New York Fam. Ct.*, No. 11-CV-4815, 2011 WL 4916702, at *2 (E.D.N.Y. Oct. 17, 2011) (dismissing claims against New York County Family Court because they were barred by Eleventh Amendment immunity).  The Second Circuit has ruled that "the New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted).  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the state's immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977).

In any event, the plaintiff's claims lack an arguable basis in law.  There is no constitutional right to a jury trial in a state court child custody case.  The Seventh Amendment does not apply to state court cases.  *See Rosen v. N. Shore Towers Apartments, Inc.*, No. 11-CV-00752, 2011 WL 839505, at *2 (E.D.N.Y. Mar. 7, 2011) ("[T]he right to a jury under the Seventh Amendment is not incorporated in the Due Process Clause of the Fourteenth

3

Amendment and, therefore, does not apply to state court proceedings." (citing *McDonald v. City of Chicago*, 561 U.S. 742, 765 n.13 (2010))). Nor does the Sixth Amendment—which guarantees the right to a jury trial in criminal prosecutions—apply in a civil child custody case. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."). Accordingly, the plaintiff's claims are dismissed as frivolous.[3]

---

[3] To the extent the plaintiff brings state law claims, I decline to exercise supplemental jurisdiction over those claims. *Wolfinger v. Consol. Edison Co. of New York, Inc.*, No. 17-CV-1710, 2018 WL 3637964, at *12 (E.D.N.Y. July 31, 2018) ("Where a court dismisses all claims over which it has original jurisdiction, it may, in its discretion, decline to exercise supplemental jurisdiction over remaining claims." (citing 28 U.S.C. § 1367(c)(3))). In any event, the plaintiff cites New York statutes creating a right to a jury trial that do not implicate child custody proceedings. (*See* ECF No. 7 at 8); N.Y. Dom. Rel. Law §§ 143 (annulment), 173 (grounds for divorce).

## CONCLUSION

For the reasons stated above, the plaintiff's complaint is dismissed.[4] Although the plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment in favor of the defendant, mail a copy of this order and the judgment to the plaintiff, and close the case.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
December 22, 2021

---

[4] On November 24, 2021, the plaintiff moved to amend his complaint in order to address a decision by a family court judge in a different child custody proceeding that does not involve the plaintiff. (*See* ECF No. 8 at 2.) That is not an appropriate reason to amend. *See Norton-Griffiths v. Wells Fargo Home Mortg.*, No. 10-CV-169, 2011 WL 884456, at *6 (D. Vt. Mar. 11, 2011) (ordering the plaintiffs to omit any legal arguments from their amended complaint). Accordingly, the plaintiff's motion is denied.